# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1839

_____

Keith Walker a/k/a Hereval     *
Ben Kushi,     *
    *
       Appellant,     *
    *    Appeal from the United States
     v.     *    District Court for the
    *    Southern District of Iowa.
Iowa Department of Corrections;     *
W. L. Kautzky, Director; Larry     *    [UNPUBLISHED]
Brimeyer, Deputy Director; John     *
Mathes, Warden; William     *
Sperfslage, Deputy Warden; John     *
Emmett, Security Director; Ronald     *
Welder, Executive Assistant; Karen     *
Woodley, Acting Grievance Officer;     *
Dave Degrange, Investigator II; Paul     *
A. Muller, Deputy Director; Bernard     *
Eaves, Treatment Director; Debbie     *
Nichols, Unit Manager Cell House 314;     *
Delwin Vande Krol, Multi-Faith     *
Chaplain,     *
    *
       Appellees.     *

_____

Submitted: July 31, 2008
Filed: August 27, 2008

_____

Before WOLLMAN, SMITH, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Iowa inmate Herevel Ben-Kushi, also known as Keith Walker (Walker), appeals the district court's post-hearing denial of some of his claims regarding his ability to practice his Hebrew Israelite beliefs. We affirm in part, and remand in part.

Walker filed this action in January 2003, claiming Iowa State Penitentiary (ISP) officials were violating his rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§ 2000cc-1 to 2000cc-5, by denying him a separate time and room in the prison chapel for Hebrew Israelite services and study, possession and use of personal religious items and celebratory items for group worship, institutional use of his religious name, and a kosher diet. He sought injunctive relief, and compensatory and punitive damages. Following a pretrial evidentiary hearing that included testimony from Walker, two non-inmate Hebrew Israelite adherents, the ISP Security Director, and the ISP Protestant chaplain, the magistrate judge found that the beliefs held by those who follow Hebrew Israelite teachings are religious in nature and that Walker was sincere in his professed Hebrew Israelite beliefs. Adopting the magistrate judge's recommendation, the district court entered an order that enjoined defendants from denying Walker the opportunity to attend chapel services and study time to the same extent afforded Jewish inmates in his classification status; allowed him to obtain, possess, and use a kippot, tzit-tzit, Torah, and other personal religious items subject to reasonable regulations for his classification status; entitled him to be provided kosher food on Hebrew Israelite holy days; entered judgment for defendants on Walker's claims for damages; and dismissed without prejudice other unexhausted claims. On appeal, Walker argues that the district court erred in denying him a daily kosher diet, and in denying nominal and punitive damages.

We review the district court's factual findings for clear error and its conclusions of law de novo. See Choate v. Lockhart, 7 F.3d 1370, 1373 & n.1 (8th Cir. 1993). We agree with the district court that defendants were entitled to qualified immunity

from liability for damages, given that Walker's religion is not yet officially recognized and the sincerity of Walker's beliefs had been questioned in a prior lawsuit. See Walden v. Carmack, 156 F.3d 861, 868-69 (8th Cir. 1998) (in qualified-immunity analysis, objective reasonableness of defendants' actions must be assessed in light of clearly established law when action occurred).

As to Walker's request for daily kosher meals, the magistrate judge noted that Walker had more consistently pursued his claim for kosher meals on holy days, and thus determined that he had not shown the lack of daily kosher meals substantially burdened the exercise of his beliefs. We conclude, however, that Walker sufficiently pursued a claim for daily kosher meals through his grievances, complaint, and hearing testimony, and we see no basis in the record for distinguishing between his need for daily kosher meals and his need for kosher meals on holy days. See Patel v. U.S. Bureau of Prisons, 515 F.3d 807, 813 & n.7 (8th Cir. 2008) (under RLUIPA, regulation substantially burdens inmate's ability to practice his religion if it significantly inhibits or constrains exercise of religious beliefs); Love v. Reed, 216 F.3d 682, 689 (8th Cir. 2000) (inmates are entitled to reasonable accommodation of religious dietary needs). Because the district court did not address whether ISP's denial of *any* daily kosher meal option is the least restrictive means to further a compelling governmental interest, see 42 U.S.C. § 2000cc-1(a), we remand to the district court to consider this issue in the first instance.

_____